1

2  SEYFARTH SHAW LLP
   Kristina M. Launey (CA SBN 221335)
3  klauney@seyfarth.com
   400 Capitol Mall, Suite 2350
4  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
5  Facsimile: (916) 558-4839

6  SEYFARTH SHAW LLP
   Minh N. Vu (Washington, D.C. Bar No. 444305)
7  *Admitted Pro Hac Vice*
   mvu@seyfarth.com
8  975 F. Street, N.W.
   Washington, D.C. 20004
9  Telephone: (202) 828-5337
   Facsimile: (202) 641-9279
10
   Attorneys for Defendants
11 STARWOOD HOTELS & RESORTS WORLDWIDE,
   INC., dba ST. REGIS HOTEL SAN FRANCISCO and
12 SF MUSEUM TOWER LLC

13 LAW OFFICES OF PAUL L. REIN
   Catherine Cabalo, Esq.
14 ccabalo@reinlawoffice.com
   200 Lakeside Drive, Suite A
15 Oakland, CA  94612
   Telephone:  510/832-5001
16 Facsimile:  510/832-4787

17 Attorneys for Plaintiff

18

19            UNITED STATES DISTRICT COURT

20          NORTHERN DISTRICT OF CALIFORNIA

21

| 22 | JEAN RIKER, | Case No. 3:10 CV 05978 CW |
| 23 | Plaintiff, | **STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE OF** |
| 24 | v. | **DEFENDANTS STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,** |
| 25 | STARWOOD HOTELS & RESORTS WORLDWIDE, INC. dba ST. REGIS HOTEL | **DBA ST. REGIS HOTEL SAN FRANCISCO AND SF MUSEUM** |
| 26 | SAN FRANCISCO; SF MUSEUM TOWER LLC; and DOES 1-10 inclusive | **TOWER LLC** |
| 27 | Defendants. | |
| 28 | | |

15213887v.6

1      Plaintiff JEAN RIKER and Defendants STARWOOD HOTELS & RESORTS

2    WORLDWIDE, INC., dba ST. REGIS HOTEL SAN FRANCISCO and SF MUSEUM TOWER

3    LLC by and through their attorneys of record, file this Stipulation of Dismissal pursuant to

4    Federal Rule of Civil Procedure section 41.

5       Plaintiff filed this lawsuit on December 30, 2010.

6       Plaintiff and Defendants have entered into a "Settlement Agreement and Release" that

7    settles all aspects of the lawsuit against all defendants. A copy of the "Settlement Agreement and

8    Release" is incorporated by reference herein as if set forth in full. The "Settlement Agreement

9    and Release" states in part that the Parties will "request that the Court will request that the Court

10   retain jurisdiction to enforce this Agreement." Plaintiff and Defendants stipulate to the Court

11   retaining jurisdiction to enforce the "Settlement Agreement and Release."

12      Plaintiff moves to dismiss with prejudice the lawsuit against Defendants STARWOOD

13   HOTELS & RESORTS WORLDWIDE, INC., dba ST. REGIS HOTEL SAN FRANCISCO and

14   SF MUSEUM TOWER LLC. Defendants STARWOOD HOTELS & RESORTS

15   WORLDWIDE, INC., dba ST. REGIS HOTEL SAN FRANCISCO and SF MUSEUM TOWER

16   LLC, who have answered the Complaint, agree to the dismissal with prejudice.

17      This case is not a class action, and no receiver has been appointed.

18      This Stipulation and Order may be signed in counterparts, and electronic and facsimile

19   signatures shall be as valid and as binding as original signatures.

20      Wherefore, Plaintiff and Defendants, by and through their attorneys of record, so

21   stipulate.

22

23

24

25

26

27

28

15213887v.6

1  DATED: January 31, 2013              SEYFARTH SHAW LLP

2

3                                       By    /s/ Kristina M. Launey
4                                           Kristina M. Launey
                                            Minh N. Vu (admitted pro hac vice)
5                                           Attorneys for Defendants
                                            STARWOOD HOTELS & RESORTS
6                                           WORLDWIDE, INC., dba ST. REGIS HOTEL
                                            SAN FRANCISCO and SF MUSEUM TOWER
7                                           LLC

8  DATED: January 31, 2013              LAW OFFICES OF PAUL L. REIN

9

10                                      By    /s/ Catherine Cabalo
                                            Catherine Cabalo
11                                          Attorneys for Plaintiff

12

13  **PURSUANT TO STIPULATION OF THE PARTIES, IT IS SO ORDERED:**

14        The lawsuit against Defendants STARWOOD HOTELS & RESORTS WORLDWIDE,

15  INC., dba ST. REGIS HOTEL SAN FRANCISCO and SF MUSEUM TOWER LLC is

16  dismissed with prejudice.  The Court shall retain jurisdiction to enforce the Parties' "Settlement

17  Agreement And Release."

18  Dated: February 7 , 2013

19                                      Hon. Claudia Wilken
                                        United States District Judge
20

21

22

23

24

25

26

27

28

15213887v.6

1   SEYFARTH SHAW LLP
    Kristina M. Launey (CA SBN 221335)
2   klauney@seyfarth.com
    400 Capitol Mall, Suite 2350
3   Sacramento, California 95814-4428
    Telephone: (916) 448-0159
4   Facsimile: (916) 558-4839

5   SEYFARTH SHAW LLP
    Minh N. Vu (Washington, D.C. Bar No. 444305)
6   *Admitted Pro Hac Vice*
    mvu@seyfarth.com
7   975 F. Street, N.W.
    Washington, D.C. 20004
8   Telephone: (202) 828-5337
    Facsimile: (202) 641-9279

9
    Attorneys for Defendants
10  STARWOOD HOTELS & RESORTS WORLDWIDE,
    INC., dba ST. REGIS HOTEL SAN FRANCISCO and
11  SF MUSEUM TOWER LLC

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16  JEAN RIKER,                      )  Case No. 3:10 CV 05978 CW
                                     )
17          Plaintiff,               )  **SETTLEMENT AGREEMENT AND**
                                     )  **RELEASE**
18      v.                           )
                                     )
19  STARWOOD HOTELS & RESORTS        )  Complaint Filed: December 30, 2010
    WORLDWIDE, INC. dba ST. REGIS HOTEL )  Judge: Hon. Claudia Wilken
20  SAN FRANCISCO; SF MUSEUM TOWER   )  Mediation: January 17, 2013
    LLC; and DOES 1-10 inclusive     )  Mediator: Howard Herman
21                                   )
                                     )
22          Defendants.             )
                                     )

23

24          This Settlement Agreement and Release ("Agreement") is entered into between Plaintiff

25  Jean Riker and defendants Starwood Hotels & Resorts Worldwide, Inc., dba St. Regis Hotel San

26  Francisco, and SF Museum Tower LLC.  The signatories to this Agreement hereinafter are

27  referred to jointly as the "Parties."  The Effective Date is the date on which Ms. Riker signs the

28  Agreement.

_____
                    SETTLEMENT AGREEMENT AND RELEASE
15213887v.6

**PREAMBLE**

A.      Plaintiff JEAN RIKER filed a Complaint in this action on December 30, 2010 (the "Complaint") against Starwood Hotels & Resorts Worldwide, Inc., dba St. Regis Hotel San Francisco, and SF Museum Tower LLC ("Defendants").  Plaintiff alleged that Defendants violated California Civil Code §§51 & 52 and § 54 *et seq*; Cal. Health & Safety Code §§ 19955 *et seq*; and ADA Title III, by allegedly failing to provide full and equal access to the St. Regis Hotel in San Francisco (the "Hotel") when Plaintiff stayed at the Hotel on or about July 29-31, 2009, and was allegedly deterred from returning.  She sought damages under statute and for physical and emotional injury.  Defendants deny all of the allegations in the Complaint, and deny that they have unlawfully discriminated against or otherwise wronged Plaintiff in any way.

B.      The Parties hereby enter into this Agreement for the sole purpose of resolving all aspects of this lawsuit without the need for protracted litigation, including issues of injunctive relief, damages, and attorney fees, costs and expenses, and without the admission of any liability on the part of any Defendant.

C.      This Agreement constitutes a full, complete, and final disposition and settlement of all Plaintiff's claims against Defendants relating to the Hotel up to and including the Effective Date.  The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws or common law, and this Agreement should not be construed as such.

D.      The Parties agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of the California statutes referenced in Paragraph A of this Preamble as well as Title 24 of the California Code of Regulations.

WHEREFORE, in consideration of the mutual promises and releases in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

2

15213887v.6

I.      **ACTIONS TO BE TAKEN**

    A.      Defendants will take or cause to be taken certain actions at the Hotel (the "Work"), as specified in Attachment A. All commitments to perform the Work apply to the Hotel only, and to no other hotel or entity owned or operated by any Defendant. Plaintiff agrees that the Work specified in Attachment A sufficiently satisfies Plaintiff's claims for injunctive relief. Attachment A to this Agreement is incorporated by reference as if fully set forth herein.

    B.      The Work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24, ("Title 24") and the 2010 ADA Standards ("ADA Standards"), unless the Parties have otherwise agreed to and specified a different solution in Attachment A. In any instance(s) where Title 24 and the ADA Standards conflict, the Parties agree that the more strict regulation (i.e. that providing greater access) shall apply.

    C.      The Work will be completed by Defendants and within the time frame stated for each item, as specified in Attachment A.

    D.      In the event that unforeseen difficulties prevent Defendants from meeting the deadlines or completing any of the agreed-upon Work, as specified in Attachment A, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. The Parties will thereafter meet in good faith to resolve any unforeseen delays within 30 days of Defendants' written notice to Plaintiff's counsel. Plaintiff will conduct this meet and confer with Defendants prior to seeking enforcement of this Agreement. If Defendants makes good faith efforts to resolve the unforeseen difficulties, it will not be considered in violation of this Agreement.

    E.      Defendants will make reasonable good faith efforts to obtain permits and authorizations that may be required under local law, ordinance, or other applicable law in order to accomplish the Work.

    F.      If, in the course of performing the Work specified in Attachment A, Defendants encounter conditions that render an item of Work to not be technically feasible, then they shall provide written notice to Plaintiff's counsel identifying which modification(s) to the item(s) are

3
SETTLEMENT AGREEMENT AND RELEASE

15213887v.6

1  not technically feasible and proposing alternate modification(s) intended to provide equal or

2  substantially the same access as the modification(s) determined to be not technically feasible.

3  Plaintiff agrees to negotiate in good faith with Defendants regarding the subject of any written

4  notice of technical infeasibility with which Plaintiff disagrees.  In the event the Parties cannot

5  agree, they will utilize the dispute resolution mechanism set forth in Section IV of this

6  Agreement.

7         G.     This Agreement does not in any way restrict Defendants from permanently

8  closing the Hotel or removing any element referenced in Attachment A from public use in lieu of

9  performing the Work to that element specified in Attachment A.  If Defendants subsequently re-

10  open the Hotel or element, it will comply with the requirements of the ADA and California law

11  as set forth in Paragraph B of this Section.

12  **II.**     **SETTLEMENT PAYMENT AND STIPULATION OF DISMISSAL**

13         A.     Plaintiff shall be paid the Settlement Payment as set forth in Attachment

14  B.  Attachment B may not be disclosed to any person or entity not party to this Agreement, in

15  accordance with the terms set forth in that Attachment, nor submitted to the Court.  Plaintiff

16  represents and warrants that she sustained personal physical injury as a result of barriers she

17  encountered in the Hotel, and agrees that the Settlement Payment is compensation for such

18  alleged physical injury, resulting emotional distress, attorney's fees, litigation expenses and costs

19  (including expert costs), and any re-inspection costs (incurred or to be incurred) in this

20  matter.  The Settlement Payment shall be made payable to  "Paul Rein, in Trust for Jean Riker"

21  and shall be mailed or delivered to The Law Offices of Paul L. Rein, to arrive by February 11,

22  2013, provided Plaintiff has before that date (1) provided Defendants with a completed W-9 for

23  The Law Offices of Paul L. Rein; (2) returned to Defendants a signed copy of this Agreement;

24  and (3) filed or given Defendants permission to file before that date a Stipulation for Dismissal

25  with Prejudice to end this case for all Defendants.  The Stipulation for Dismissal with Prejudice

26  will be in the form set forth at Attachment C and will request that the Court retain jurisdiction to

27  enforce this Agreement.

28

SETTLEMENT AGREEMENT AND RELEASE

15213887v.6

B.      Plaintiff agrees to hold harmless, defend and indemnify Defendants and the Releasees for, from, and against any and all actual or alleged losses, claims, damages, liabilities, obligations, penalties, fines, litigation, demands, defenses, judgments, suits, actions, proceedings, costs, interest, disbursements and/or expenses (including, without limitation, attorneys' and expert fees, expenses and disbursements) of any kind or nature whatsoever that may at any time be alleged, claimed, imposed upon, incurred by, or asserted or awarded against Defendants or Releasees by any taxing authority relating to or arising from the Settlement Payment ("Liabilities"). For the avoidance of doubt, Plaintiff's obligation includes defense and indemnity of Defendants and Releasees against any and all claims or demands for any tax or contribution or any penalty, fine, or interest that may be incurred or demanded by any taxing authority as a result of the Settlement Payment (the "Liabilities"). Also for the avoidance of any doubt, Plaintiff agrees to be responsible for payment of all losses, claims, damages, liabilities, obligations, penalties, judgments, costs, disbursements and/or expenses including, but not limited to, any and all legal or other expenses incurred by Defendants or the Releasees in connection with investigating, preparing to defend or defending any litigation, demands, defenses, suits, actions, proceedings, lawsuits, claims or other proceedings concerning the Liabilities. Defendants and the Releasees shall choose their own attorneys and consultants and other professionals as they deem necessary in their sole discretion in connection with the foregoing.

**III.    MUTUAL RELEASE AND COVENANT NOT TO SUE**

A.      Plaintiff, on behalf of herself and her agents, representatives, predecessors, successors, heirs, attorneys, partners, transferees and assigns (the "Releasors"), hereby releases and forever discharges Starwood Hotels & Resorts Worldwide, Inc., dba St. Regis Hotel San Francisco, and SF Museum Tower LLC, and each of their related persons, partnerships, and corporations, respective officers, directors, shareholders, insurers, subsidiaries, predecessors, successors, successor owners, affiliates, assigns, transferees, property managers, partners, parents, employees, agents, attorneys, officers, directors, investors, lenders, trustees, board members and other representatives (the "Releasees") from all actions, causes of action, claims, suits, judgments, liabilities, and demands of whatever kind or nature, whether in law or equity,

SETTLEMENT AGREEMENT AND RELEASE

15213887v.6

1    presently known or unknown, that Releasors had against Releasees or any of them, relating to the

2    Hotel as of the Effective Date (the "Released Claims"). Defendants, on behalf of the Releasees,

3    likewise releases and forever discharges Plaintiff from all actions, causes of action, claims, suits,

4    judgments, liabilities, and demands of whatever kind or nature, whether in law or equity,

5    presently known or unknown, relating to this lawsuit, provided that this release shall not apply to

6    any representations made by Plaintiff under this Agreement or any of Plaintiff's obligations

7    under this Agreement (including, without limitation, Plaintiff's representations about her alleged

8    injuries and damages, and the promises and agreements made by Plaintiff under Paragraph II.B

9    of this Agreement).

10            B.      Plaintiff agrees that she will make no claim in the future for equitable relief or

11   remedial measures to be undertaken as a result of any alleged discrimination and/or other

12   wrongful conduct by any Defendant or Releasee relating to the Hotel or alleged deterrence from

13   further visiting the Hotel that were or could have been made in the Complaint from the beginning

14   of time to the Effective Date.

15            C.      Plaintiff represents and agrees that, other than the Complaint in this action, she

16   has not filed any charges, complaints, lawsuits, or other proceeding against any Defendant

17   relating to the Hotel with any court or municipal, state or federal agency charged with the

18   enforcement of any law.

19            D.      Plaintiff further agrees not to sue or file a charge, complaint, grievance, demand

20   for arbitration, or other proceeding against any Releasee or assist or otherwise participate

21   willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of

22   any kind which relates to the Released Claims, unless required to do so by court order, subpoena,

23   or other directive by a court, administrative body, arbitration panel, or legislative body, or unless

24   required to enforce this Agreement. To extent any such action may be brought by a third party,

25   including an enforcement agency, Plaintiff expressly disclaims any form of monetary or other

26   damages, or any form of recovery or relief in connection with any such action except for

27   statutorily required witness fees.

28

15213887v.6

1    E.    This Agreement shall apply to and cover any and all claims, demands, actions and

2    causes of action by the parties to this Agreement as set forth above, whether the same are known,

3    unknown or hereafter discovered or ascertained.   Plaintiff expressly waives the rights provided

4    under California Civil Code Section 1542 as to the Releasees which states:

5    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
     **WHICH THE CREDITOR DOES NOT KNOW OR**
6    **SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE**
     **TIME OF EXECUTING THE RELEASE, WHICH IF**
7    **KNOWN BY HIM OR HER MUST HAVE MATERIALLY**
     **AFFECTED HIS OR HER SETTLEMENT WITH THE**
8    **DEBTOR.**

9    **IV.    DISPUTES AND ENFORCEMENT**

10   A.    The Parties agree that they will work cooperatively to resolve any issues and/or

11   concerns regarding the Parties' respective obligations under this Agreement.  Accordingly, the

12   Parties agree that any such issues, concerns, or disputes shall be put in writing and responded to

13   in writing within thirty (30) days.  If the matter is not resolved, the Parties will in good faith

14   confer either telephonically or in person to try to resolve the matter within thirty (30) days of

15   receiving the response.  If the dispute has not been resolved after following this process, a party

16   may move the Court for enforcement of the other party's obligations under this Agreement.

17   **V.    ADDITIONAL TERMS AND CONDITIONS**

18   A.    This Agreement, including all attachments, constitute the entire agreement

19   between the Parties regarding the subject matter of this action and supersedes all prior

20   agreements, understandings, promises, warranties, and representations made by any party.  This

21   Agreement may be modified only by a written document signed by all Parties.  No waiver of this

22   Agreement or any of its promises, obligations, terms, or conditions shall be valid unless it is

23   written and signed by the party against whom the waiver is to be enforced.

24   B.    This Agreement shall be binding on Plaintiff, Defendants, and their respective

25   successors in interest and assigns.  The Parties have a duty to so notify all such successors in

26   interest and assigns of the existence and terms of this Agreement.

27   C.    This Agreement shall be in full force and effect until the Work contemplated in

28   this Agreement is completed in compliance with the terms of this Agreement.  The Court shall

15213887v.6

retain jurisdiction of this action to enforce provisions of this Agreement until the Work contemplated by this Agreement is completed in compliance with the terms agreed to herein by the Parties.

D.      If any term of this Agreement is determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to the extent of the invalidity or unenforceability only, without any way affecting the remaining parts or provisions of this Agreement, which shall remain in full force and effect.

E.      This Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

F.      Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Agreement.

G.      Each party consulted with an attorney, and executed this Agreement with a complete understanding of its legal effect.  The Parties understand that executing this Agreement expressly waives all the aforementioned rights, and binds them to the terms of this Agreement.

H.      California law shall govern all aspects of this Agreement, irrespective of its choice of law rules.

I.      The Parties cooperated in the drafting of this Agreement, and if it is finally determined that any provision in this Agreement is ambiguous, that provision shall not be presumptively construed against any Party.

Dated: January ___, 2013          JEAN RIKER

_____
Jean Riker

Dated: January ___, 2013          STARWOOD HOTELS & RESORTS WORLDWIDE, INC., dba ST. REGIS HOTEL SAN FRANCISCO


By:_____
Print Name:_____
Title:_____

8

SETTLEMENT AGREEMENT AND RELEASE

1    retain jurisdiction of this action to enforce provisions of this Agreement until the Work

2    contemplated by this Agreement is completed in compliance with the terms agreed to herein by

3    the Parties.

4        D.      If any term of this Agreement is determined to be invalid or unenforceable under

5    applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to

6    the extent of the invalidity or unenforceability only, without any way affecting the remaining

7    parts or provisions of this Agreement, which shall remain in full force and effect.

8        E.      This Agreement may be signed in counterparts and a facsimile signature shall

9    have the same force and effect as an original signature.

10       F.      Signatories on the behalf of the Parties represent that they are authorized to bind

11   the Parties to this Agreement.

12       G.      Each party consulted with an attorney, and executed this Agreement with a

13   complete understanding of its legal effect.  The Parties understand that executing this Agreement

14   expressly waives all the aforementioned rights, and binds them to the terms of this Agreement.

15       H.      California law shall govern all aspects of this Agreement, irrespective of its

16   choice of law rules.

17       I.      The Parties cooperated in the drafting of this Agreement, and if it is finally

18   determined that any provision in this Agreement is ambiguous, that provision shall not be

19   presumptively construed against any Party.

20

21   Dated: January ___, 2013                    JEAN RIKER

22

23                                              Jean Riker

24   Dated: ~~January~~ February 1, 2013         STARWOOD HOTELS & RESORTS WORLDWIDE,
                                                 INC., dba ST. REGIS HOTEL SAN FRANCISCO
25

26                                              By: _____
27                                              Print Name: Keith D Grossman
28                                              Title: Senior Vice President, Deputy General Counsel

                                      8
15213887v.6

1   Dated: January ~~February~~ 11, 2013      SF MUSEUM TOWER, LLC, a Delaware limited
2                                            liability company
3                                               By: St. Regis San Francisco Hotel, LLC, a
                                                Delaware limited liability company, its managing
4                                               member,
5                                               By: Starwood Hotels & Resorts Worldwide,
                                                Inc., a Maryland Corporation, its sole member
6
7                                               By: _____
                                                Print Name: _Keith D. Grossman_
8                                               Title: _Senior Vice President, Deputy General_
                                                _Counsel_
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

SETTLEMENT AGREEMENT AND RELEASE

15213887v.6

# ATTACHMENT A

## LIST OF RETROFITS

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| 1. | 1-20. | Accessible Parking in Structure: | The Hotel has the required number of 6 designated accessible parking spaces. The Hotel will ensure all 6 spaces, including one van-accessible space, comply with the requirements of 24 CCR 1129B and Fig. 11B-18A. The Hotel will also adopt and train employees to follow a policy that accessible spaces and paths of travel will be kept clear for use of disabled patrons' vehicles only. | 12 Months |
| 2. | 21. | Accessible Parking in Structure. Elevator Lobby: Push Pressure. | The Hotel will adjust or replace the door closers so that the pressure is as close to 5 pounds pressure as possible while still allowing the doors to latch. | 6 Months |
| 3. | 23. | Accessible Parking in Structure. Hotel Unloading Zone: No Accessible Passenger Loading Zone | The Hotel will create one passenger drop-off and loading zone with an access aisle of at least 60' W x 20' L parallel to the vehicle pull-up space, with proper signage, in compliance with 24 CCR 1131B.2-.3 and 2010 ADA Standard 503. | 12 Months |
| 4. | 24. | Accessible Parking in Structure. Hotel Unloading Zone: Passenger Loading-ISA Signage | The Hotel will install signage stating "Passenger Loading Zone Only" with ISA in white on dark blue background in compliance with 24 CCR 1131B.2. | 12 Months |
| 5. | 25. | Facilities on Lobby Level. General Deficiencies: Classes of Sleeping Rooms | The Hotel will provide an accessible premium room with a view. | Next major guestroom renovation. |
| 6. | 26. | Facilities on Lobby Level. General Deficiencies: Card Key Locks. | The Hotel will purchase metal keyrings to attach to the key cards for accessible guestrooms and make them available to guests who request them. | 3 Months |
| 7. | 27. | Facilities on Lobby Level. General Deficiencies: Telephones. Volume Control. | The Hotel ensure a telephone is installed with volume control that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 8. | 28-29. | Facilities on Lobby Level. Doors on 3rd Street and South Sides: Push Pressure. | The Hotel will install an automatic opener on the South Side doors. | 12 Months |
| 9. | 30-32. | Facilities on Lobby Level. Bar Area: Aisle Width. | The Hotel will rearrange the furniture to provide a 36" (W) path to each furniture grouping and a 30" x 48" space at each grouping for a wheelchair. | 6 Months |
| 10. | 34. | Facilities on Lobby Level. AME Restaurant: Slope. | The Hotel will install handrails that comply with Title 24 and the ADA 2010 Standards. | 18 Months |
| 11. | 35-37. | Facilities on Lobby Level. AME Restaurant, Sushi Bar: Height and Knee Space. | The Hotel will install a lowered counter that complies with the requirements of Title 24 and the 2010 ADA Standards or remove all | 18 Months |

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | | services from counter. | |
| 12. | 38-39. | Facilities on Lobby Level. AME Restaurant, Tables: Knee Space Four and Two Person Tables. | The Hotel will provide one small accessible table that has a clear space underneath that is at least 30" (W) x 19" (D) x 27" (H) with a top no higher than 34" (H). The Hotel will also ensure that restaurant employees who interface with guests know where the accessible tables are. | 12 Months |
| 13. | 41. | Facilities on Lobby Level. West Entrance, Exterior Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 14. | 42. | Facilities on Lobby Level. West Entrance, Exterior Door: Walk Off Mat. | The Hotel will remove, or affix the mat to the floor. | 12 Months |
| 15. | 44-45. | Facilities on Lobby Level. Lobby Women's Restroom, Door: ADA & Title 24 Signage. | The Hotel will ensure signage is installed that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 16. | 46. | Facilities on Lobby Level. Lobby Women's Restroom, Door: Door Swing Overlaps. | The Hotel will install signage designating the accessible sink. | 3 Months |
| 17. | 47. | Facilities on Lobby Level. Lobby Women's Restroom, Sink: Knee Space. | The Hotel will replace the sink with one that provides the knee clearance required in 24 CCR Fig. 11B-1D. | 18 Months |
| 18. | 48. | Facilities on Lobby Level. Lobby Women's Restroom, Sink: P-trap Projection. | The Hotel will ensure the p-trap complies with Title 24 and the ADA 2010 Standards. | 18 Months |
| 19. | 49. | Facilities on Lobby Level. Lobby Women's Restroom, Sink: Insulation. | The Hotel will ensure the pipes to the accessible sink are completely wrapped. | 3 Months |
| 20. | 52-53. | Facilities on Lobby Level. Lobby Women's Restroom, Accessible Stall: 5' Turn Around and Transfer Space. | The Hotel will reconfigure the stall or install a shorter toilet if possible to allow 60" from the toilet to the opposite wall, in compliance with Title 24. | 18 Months |
| 21. | 54-55. | Facilities on Lobby Level. Lobby Women's Restroom, Side Grab Bar. | The Hotel will relocate the grab bar to comply with 24 CCR Fig. 11B-1A. | 18 Months |
| 22. | 56. | Facilities on Lobby Level. Lobby Women's Restroom, Sanitary Seat Cover Dispenser: Mounting Height. | The Hotel will relocate or lower the dispenser so it is adjacent to a 30" by 48" clear floor ground space and the dispensing point is 40" AFF max. | 18 Months |
| 23. | 80-82. | Facilities on Second Floor. Women's Restroom, Door: Signage. | The Hotel will ensure signage is installed that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 24. | 83. | Facilities on Second Floor. Women's Restroom, Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 25. | 84. | Facilities on Second Floor. | The Hotel will modify the space to ensure | 18 Months |

2

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | Women's Restroom, Door: Strike Edge Clearance. | 18" strike side clearance in compliance with Title 24 and the 2010 ADA Standards. | |
| 26. | 85. | Facilities on Second Floor. Women's Restroom, Sinks: Knee Space. | The Hotel will replace the sink with one that provides the knee clearance required in 24 CCR Fig. 11B-1D. | 18 Months |
| 27. | 86. | Facilities on Second Floor. Women's Restroom, Sinks: P-trap Projection. | The Hotel will ensure the p-trap on the accessible sink complies with Title 24 and the ADA 2010 Standards. | 18 Months |
| 28. | 87. | Facilities on Second Floor. Women's Restroom, Sinks: Insulation on Pipes. | The Hotel will ensure the pipes on the accessible sink are completely wrapped. | 3 Months |
| 29. | 88. | Facilities on Second Floor. Women's Restroom, Toilet Stalls: Semi-Ambulatory. | The Hotel will provide a semi-ambulatory stall that complies with Title 24 and the 2010 ADA Standards. | 18 Months |
| 30. | 89. | Facilities on Second Floor. Women's Restroom, Toilet Stalls: Exterior Door Landing. | The Hotel will ensure the corridor in front of the accessible stall complies with the requirements of Title 24 and the 2010 ADA Standards. | 18 Months |
| 31. | 91. | Facilities on Second Floor. Women's Restroom, Side Grab Bar: Placement of Grab Bar. | The Hotel will relocate the grab bar to comply with 24 CCR Fig. 11B-1A. | 18 Months |
| 32. | 92-93. | Facilities on Second Floor. Women's Restroom, Sanitary Seat Cover Dispenser. | The Hotel will relocate or lower the dispenser so it is adjacent to a 30" by 48" clear floor ground space and the dispensing point is 40" AFF max. | 18 Months |
| 33. | 94. | Fitness Center. Entry Door: Card Key Entry. | The Hotel will purchase key rings to attach to the key card for accessible rooms and make them available for guests who request them. The Hotel will ensure the key card reader is 30 AFF Min - 44" AFF Max, in compliance with Title 24. | 3 Months (key card) 36 Months (reader) |
| 34. | 95. | Fitness Center. Entry Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 35. | 96. | Fitness Center. Equipment, Two Sit-up Benches: No Clear Floor Space. | The Hotel will relocate/ replace exercise machines and equipment so that at least one piece of each type of equipment is on an accessible route with 30" x 48" minimum clear space adjacent for transfer. | 12 Months |
| 36. | 98. | Fitness Center. Equipment, Cold Towel Refrigerator: Door Landing. | The Hotel will ensure there is clear space around the refrigerator that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 37. | 99. | Fitness Center. Equipment, Napkin Dispenser: Napkin Dispenser Height. | The Hotel will lower the dispenser so the dispensing point is no higher than 48" H AFF for forward reach over an obstruction per 24 CCR 1118B.5 and Fig. 11B-5C. | 6 Months |
| 38. | 100-112. | Fitness Center. Inaccessible Unisex Restroom. | The Hotel will ensure signage is installed that has the unisex logo and identifies the restroom as inaccessible. | 3 Months |

3

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| 39. | 128-130. | Vitrine Restaurant. Main Restaurant, Tables: Knee Space Two and Four Person Tables and Aisle Width. | The Hotel will ensure that at least 7.5% of the tables are accessible and that the host employees know where they are. The Hotel will also provide 36" (W) aisles in the restaurant to the accessible tables only and a 36" path of travel through the restaurant, from the front to back doors. | 6 Months |
| 40. | 131. | Vitrine Restaurant. Patio, Southeast Entrance: Slope of Interior Landing. | The Hotel will modify the landing so it is no greater than 3% slope. | 18 Months |
| 41. | 132. | Vitrine Restaurant. Patio, Southeast Entrance: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 42. | 133. | Vitrine Restaurant. Patio, Northeast Entrance: Slope of Interior Landing. | The Hotel will modify the landing so it is no greater than 3% slope. | 18 Months |
| 43. | 134. | Vitrine Restaurant. Patio, Northeast Entrance: Exterior Door Landing. | The Hotel will move furniture as necessary to ensure 60" clear door landing, in compliance with Title 24 and the 2010 ADA Standards. | 3 Months |
| 44. | 135. | Vitrine Restaurant. Patio, Northeast Entrance: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 12 Months |
| 45. | 136. | Vitrine Restaurant. Patio, Lobby Entrances on North Side: Exterior Door Landing. | The Hotel will adopt a policy that all tent setups will be done so that counter weights or other obstructions are kept out of the 60" door clear landing. | 12 Months |
| 46. | 137. | Vitrine Restaurant. Patio, Tables: Depth of Kneespace. | The Hotel will provide 5%, or at least one, accessible table in the area that has 27" min. H, 30" min. W and 19" min. D knee space. | 12 Months |
| 47. | 138. | Vitrine Restaurant. Patio, Accessible Route: Unstable Surface. | The Hotel will stabilize the tiles. | 6 Months |
| 48. | 153. | Vitrine Restaurant. Women's Single Occupancy Restroom, Door: Title 24 Signage. | The Hotel will ensure signage is installed that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 49. | 154. | Vitrine Restaurant. Women's Single Occupancy Restroom, Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 50. | 155. | Vitrine Restaurant. Women's Single Occupancy Restroom: Door Sweep Period. | The Hotel will replace or adjust the door closer so that the sweep period of the closer takes at least 3 seconds from an open position of 70 degrees to move to a point 3" from the latch, measured to the leading edge of the door. | 6 Months |
| 51. | 156. | Vitrine Restaurant. Women's Single Occupancy Restroom, Door: Coat Hook. | The Hotel will adjust height of coat hook so it is no higher than 48" H AFF for forward reach in accordance with 24 CCR 1118B.5, | 6 Months |

4

| | Original Report Number | Item | Action | Deadlines |
|---|---|---|---|---|
| | | | Fig. 11B-5C, ADA 2010 Standard 308.2.1. | |
| 52. | 157-158. | Vitrine Restaurant. Women's Single Occupancy Restroom, Door: Interior Door Landing, Turning Radius. | The Hotel will remove the table. | 30 days |
| 53. | 159. | Vitrine Restaurant. Women's Single Occupancy Restroom, Sink: P-trap Projection. | The Hotel will ensure the p-trap complies with Title 24 and the ADA 2010 Standards. | 18 Months |
| 54. | 160. | Vitrine Restaurant. Women's Single Occupancy Restroom, Sink: Insulation. | The Hotel will ensure the pipes are completely wrapped. | 3 Months |
| 55. | 161. | Vitrine Restaurant. Women's Single Occupancy Restroom, Sink: Soap Dispenser. | The Hotel will move the soap dispenser so its operable mechanism is no higher than 40" H AFF and placed in a 30" x 48" clear space. | 6 Months |
| 56. | 163. | Vitrine Restaurant. Women's Single Occupancy Restroom, Toilet: Front Transfer Space. | The Hotel will move or remove the table so that there is 48" L in front of the toilet, as required for a single-accommodation toilet facility by 24 CCR 1115B.3.2.4. | 30 days. |
| 57. | 164. | Vitrine Restaurant. Women's Single Occupancy Restroom, Toilet Paper Dispenser: Extension Beyond Toilet. | The Hotel will ensure the toilet paper dispenser is 7-9" in front of the WC to the centerline of the dispenser, in compliance with the 2010 ADA Standards and Title 24, as amended on August 1, 2012. | 6 Months |
| 58. | 165. | Vitrine Restaurant. Women's Single Occupancy Restroom, Side Grab Bar: Knuckle Space. | The Hotel will relocate or lower the dispenser so it is adjacent to a 30" by 48" clear floor ground space and the dispensing point is 40" AFF max. | 6 Months |
| 59. | 166. | Vitrine Restaurant. Women's Single Occupancy Restroom, Rear Grab Bar: Extension Beyond Toilet. | The Hotel will adjust the grab bar so it complies with Title 24 and the 2010 ADA Standards. | 6 Months |
| 60. | 167. | Vitrine Restaurant. Women's Single Occupancy Restroom, Sanitary Seat Cover Dispenser: Mounting Height. | The Hotel will relocate or lower the dispenser so it is adjacent to a 30" by 48" clear floor ground space and the dispensing point is 40" AFF max. | 18 Months |
| 61. | 169. | Swimming Pool: Entry Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 62. | 170. | Swimming Pool. Showers Inside Pool Area: Accessible Shower Area | The Hotel will build a small wall and install a fold-down shower bench and adjustable shower wand on one shower or install an accessible shower nearby and ensure the shower complies with the requirements of 24 CCR 1115B.2 and 1115B.4.4. | 18 Months |
| 63. | 172. | Swimming Pool. Showers Inside Pool Area: Shower Hook Height. | The Hotel will install an additional hook at 48" H AFF. | 18 Months |

5

15213887v.6

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| 64. | 173. | REMEDE SPA. Reception: ADA Signage | The Hotel will ensure signage is installed that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 65. | 174. | REMEDE SPA. Reception: Door Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 66. | 175. | REMEDE SPA. Reception: Door Landing. | The Hotel will move the chair and adopt a policy to ensure a 48" L level clear area is maintained. | 30 days. |
| 67. | 176. | REMEDE SPA. Reception Counter Height. | The Hotel will install a lowered counter that is 36" (W) min. and 34" (H) max. | 18 Months |
| 68. | 178. | REMEDE SPA. Entry Door: Corridor Door Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 69. | 179. | REMEDE SPA. Ramp at Entrance to Spa: Handrail Dimensions. | The Hotel will install handrails that comply with 24 CCR 1133B.5.5. | 18 Months |
| 70. | 180-183. | REMEDE SPA. Ramp at Entrance to Spa. | The Hotel will modify the ramp so it complies with Title 24 and the 2010 Standards. | 18 Months |
| 71. | 184. | REMEDE SPA. Interior Reception Counter: Counter Height. | The Hotel will remove the counter. | 18 Months |
| 72. | 194. | REMEDE SPA. Men's Dressing Room, Accessible Shower, Shower Elements: Shower Bench Dimensions. | The Hotel will remove the bench and install a shower seat as shown in 24 CCR Fig. 11B-2A-, 11B-2D, as applicable, and ADA 2010 Standard 610.3. | 18 Months |
| 73. | 196-201. | REMEDE SPA. Men's Dressing Room, Accessible Shower. | The Hotel will modify the controls, accessories, and shower seat as necessary to ensure all shower elements meet the requirements and dimensions of 24 CCR Figs. 11B-2A-2D. The Hotel will also replace the existing hardware with lever-type hardware that does not require grasping, pinching or twisting of the wrist to operate. | 18 Months |
| 74. | 204. | REMEDE SPA. Men's Dressing Room, Accessible Shower, Drain Slope. | The Hotel will modify the shower floor to ensure the slope does not exceed 2% in compliance with 24 CCR 1115B.4.4.7. | 18 Months |
| 75. | 207. | REMEDE SPA. Men's Dressing Room, Toilet Stall: Door Hardware. | The Hotel will replace the existing hardware with lever-type hardware that does not require grasping, pinching or twisting of the wrist to operate. | 6 Months |
| 76. | 213. | REMEDE SPA. Men's Dressing Room, Toilet Stall, Toilet Paper Dispenser: Mounting Location. | The Hotel will ensure the toilet paper dispenser measures 7-9" from the toilet edge to the dispenser centerline, in compliance with Title 24 and the 2010 ADA Standards. | 6 Months |

6

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| 77. | 215. | REMEDE SPA. Men's Dressing Room, Toilet Stall, Sanitary Seat Cover Dispenser: Mounting Height. | The Hotel will relocate or lower the dispenser so it is adjacent to a 30" by 48" clear floor ground space and the dispensing point is 40" AFF max. | 18 Months |
| 78. | 218. | REMEDE SPA. Men's Dressing Room, Corridor to Sauna, Steam Room and Jacuzzi, Entry Door: Sweep Time. | The Hotel will replace or adjust the door closer so that the sweep period of the closer takes at least 3 seconds from an open position of 70 degrees to move to a point 3" from the latch, measured to the leading edge of the door. | 18 Months |
| 79. | 221-224. | REMEDE SPA. Men's Dressing Room, Corridor to Sauna, Steam Room and Jacuzzi: Clear Floor Space. | The Hotel will move the controls to the left of the sauna door and move the basket and ensure compliance with clear space and reach range requirements of 24 CCR 1118B.4.1 and 1118B.5-B.6. | 18 Months |
| 80. | 229-230. | REMEDE SPA. Men's Dressing Room, Jacuzzi, Stairway up to Platform: Handrails. | The Hotel will install handrails that comply with 24 CCR 1133B.5.5. | 18 Months |
| 81. | 234. | REMEDE SPA. Women's Dressing Room, Door: Strike Edge Clearance. | The Hotel will modify the space to ensure 18" strike side clearance in compliance with Title 24 and the 2010 ADA Standards. | 18 Months |
| 82. | 235. | REMEDE SPA. Women's Dressing Room, Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 83. | 236. | REMEDE SPA. Women's Dressing Room, Locker Room: Aisle Width. | The Hotel will move the furniture to provide a 30" x 48" space positioned parallel to locker #2 with the 48" side being parallel to the locker bay and a 36" (W) route to the locker. | 30 days. |
| 84. | 237. | REMEDE SPA. Women's Dressing Room, Locker Room, Lockers: Height of Clothes Rod. | The Hotel will convert locker #2 into an accessible locker by providing a lowered rod that is at 48" AFF or below and designate it with an ISA symbol. | 6 Months |
| 85. | 238, 240. | REMEDE SPA. Women's Dressing Room, Makeup Vanities: Knee Space. | The Hotel will modify one counter to provide 27" H x 30" W x 19" D min. knee space, 48" clear space, and place ISA on that counter, and ensure a path of travel to the counter. | 18 Months |
| 86. | 239. | REMEDE SPA. Women's Dressing Room: Sink Counter Knee Space. | The Hotel will modify or replace a sink with one that provides knee clearance, as required in 24 CCR Fig. 11B-1D. | 18 Months |
| 87. | 241-242. | REMEDE SPA. Women's Dressing Room, Designated Accessible Stall, Door: Signage. | The Hotel will ensure signage is installed that complies with Title 24 and the 2010 ADA Standards. | 12 Months |
| 88. | 243. | REMEDE SPA. Women's Dressing Room, Designated Accessible Stall, Toilet: Side Transfer Space. | The Hotel will move the sanitary napkin disposal container to other side of the water closet and ensure clear floor space is left between toilet edge and wall that complies | 30 days |

7

15213887v.6

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | | with Title 24. | |
| 89. | 244. | REMEDE SPA. Women's Dressing Room, Designated Accessible Stall: Toilet Paper Dispenser Location. | The Hotel will ensure the toilet paper dispenser is 7-9" from the toilet edge to the dispenser centerline, in compliance with Title 24 and the 2010 ADA Standards. | 6 Months |
| 90. | 245. | REMEDE SPA. Women's Dressing Room, Designated Accessible Stall, Rear Grab Bar: Mounting Height. | The Hotel will lower the grab bar so it is as close to 33" H AFF on center while still allowing 1 1/2" knuckle space between the grab bar and toilet tank. | 18 Months |
| 91. | 246. | REMEDE SPA. Women's Dressing Room, Designated Accessible Stall, Sanitary Seat Cover Dispenser: Mounting Height. | The Hotel will relocate or lower the dispenser so it is adjacent to a 30" by 48" clear floor ground space and the dispensing point is 40" AFF max. | 18 Months |
| 92. | 247. | REMEDE SPA. Women's Dressing Room, Designated Accessible Shower: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 93. | 248-249. | REMEDE SPA. Women's Dressing Room, Designated Accessible Shower: Strike Edge Clearance and Landing. | The Hotel will move or remove the towel shelf and hamper to allow 60" from the face of the closed door and min 18" strike edge clearance. | 30 days |
| 94. | 250-258, 260. | REMEDE SPA. Women's Dressing Room, Designated Accessible Shower | The Hotel will install a fold-down shower seat as shown in 24 CCR Fig. 11B-2A and 11B-2D, ensure the shower head, controls, and grab bars comply with Title 24 and the 2010 ADA Standards, and install a shower curtain at 30" from the back wall. | 18 Months |
| 95. | 259. | REMEDE SPA. Women's Dressing Room, Designated Accessible Shower, Coat Hook Height. | The Hotel will move the bench so there is no obstruction and lower or install at least one additional coat hook that is 48" AFF max. | 6 Months |
| 96. | 261. | REMEDE SPA. Women's Dressing Room, Designated Accessible Shower, Slope Around Drain. | The Hotel will ensure the floor slope does not exceed 2% in any direction per 24 CCR 1115B.4.4.7. | 18 Months |
| 97. | 264. | REMEDE SPA. Women's Dressing Room, Corridor to Sauna, Steam Room and Jacuzzi: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 98. | 265-267, 269-271. | REMEDE SPA. Women's Dressing Room, Steam Room and Sauna. | The Hotel will reconfigure the area at the next major spa remodel to comply with the ADA and Title 24. | Next major spa remodel. |
| 99. | 272-273. | REMEDE SPA. Women's Dressing Room, Stairs to Jacuzzi: Handrails. | The Hotel will install handrails that comply with 24 CCR 1133B.5.5. | 18 Months |
| 100. | 275-276. | REMEDE SPA. Women's Dressing Room, Jacuzzi: Self-Operable Lift. | The Hotel will install an intercom at the entrance to the Jacuzzi/sauna/spa area and at the top of the stairs near the actual Jacuzzi | 18 Months |

8

15213887v.6

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | | so an individual with a disability who requires assistance can call for assistance. | |
| 101. | 277. | REMEDE SPA. Women's Dressing Room, Jacuzzi: Coat Hooks. | The Hotel will install a hook that is 48" H max AFF. | 3 Months |
| 102. | 278. | REMEDE SPA. Nail Lounge: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still allowing the door to latch. | 6 Months |
| 103. | 279. | REMEDE SPA. Nail Lounge: 10" Kick Plate. | The Hotel will remove obstructions and/or install a push plate to ensure the bottom 10" has a smooth, uninterrupted finish. | 18 Months |
| 104. | 280-283, 285-287. | REMEDE SPA. Nail Lounge. | The Hotel will designate an accessible location for nail services. Those services can be provided for up to the same amount of people that can be provided in the regular nail salon; but only 5% of spaces in that auxiliary location will be required to be fully accessible. Able-bodied people will be able to request services in this location also. | 3 Months |
| 105. | 288, 309. | REMEDE SPA. Treatment Rooms, Treatment Tables: Table Height. | The Hotel will replace the existing table with one with a top height of 17" to 19" H AFF in one of each type of treatment room, designate those as accessible treatment rooms, and inform staff of a policy to hold these rooms for disabled guests until after other rooms of each type are filled. | 18 Months |
| 106. | 289-293, 295-308, 310. | REMEDE SPA. Treatment Rooms: Strike Edge Clearance, Aisle, Landing. | For one of each type of room only, the Hotel will move the table and/or counter to ensure 60" L landing and 18" strike edge clearance, and turnaround space, or a 36" path of travel around the room. | 30 days |
| 107. | 294. | REMEDE SPA. Treatment Rooms, Treatment Room #1: Robe Hook Height. | The Hotel will provide a hook that is 48" AFF. | 3 Months |
| 108. | 311-314. | REMEDE SPA. Treatment Rooms, Treatment Room #7: Tub. | The Hotel will replace the tub with an accessible tub that meets the requirements of 24 CCR 1115B.4.5 and 24 CCR Fig. 11B-8 and 11B-9. | 18 Months |
| 109. | 316. | REMEDE SPA. Men's Lounge, Door: 10" Push Plate. | The Hotel will remove obstructions and/or install a push plate to ensure the bottom 10" has a smooth, uninterrupted finish. | 18 Months |
| 110. | 319. | REMEDE SPA. Men's Lounge, Door: Turn Around Space. | The Hotel will move the table to ensure 60" clear space. | 30 days |
| 111. | 320. | REMEDE SPA. Women's Lounge, Door: 10" Push Plate. | The Hotel will remove obstructions and/or install a push plate to ensure the bottom 10" has a smooth, uninterrupted finish. | 18 Months |
| 112. | 321. | REMEDE SPA. Women's Lounge, Door: Push Pressure. | The Hotel will adjust or replace the door closer so that the pressure is as close to 5 pounds pressure as possible while still | 6 Months |

15213887v.6

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | | allowing the door to latch. | |
| 113. | 322, 340, 386, 438. | Accessible Guest Rooms. Corridor Entry Door: Strike Edge Clearance. | The Hotel will ensure 18" strike side clearance is provided, in compliance with Title 24 and the 2010 ADA Standards. | 36 Months |
| 114. | 323, 387, 439. | Accessible Guest Rooms. Corridor Entry Door: Door Locking Mechanism. | The Hotel will purchase metal keyrings to attach to the key cards for accessible rooms and make them available to guests upon request. | 3 Months |
| 115. | 324, 342, 388, 440. | Accessible Guest Rooms. Corridor Entry Door: Card Reader Height. | The Hotel will lower the reader to 44" AFF max, in compliance with 24 CCR 1133B.2.5.2. | 36 Months |
| 116. | 327, 345, 392-393, 446. | Accessible Guest Rooms. Corridor Entry Door: Deadbolt Lock Type. | The Hotel will replace the deadlock with one that does not require grasping, pinching, or twisting of the wrist to operate and ensure no greater than 5 pounds pressure is required to operate it. | 36 Months |
| 117. | 328, 347, 397, 447. | Accessible Guest Rooms. Corridor Entry Door: Legibility of Evacuation Sign. | The Hotel will lower the sign so it is 54" H max AFF on center. | 6 Months |
| 118. | 330, 354, 448. | Accessible Guest Rooms. Height of Shelf With Safe. | The Hotel will lower the safe in those rooms if/where needed so the top control is no higher than 48" H AFF. | 6 Months |
| 119. | 331, 355, 404, 449. | Accessible Guest Rooms. Merchandise Drawer Height. | The Hotel will ensure this drawer is set in all rooms at 9" H AFF min. measured to the bottom of the drawer, or relocate the merchandise in the drawer. | 6 Months |
| 120. | 332, 356, 405, 450. | Accessible Guest Rooms. Glasses and Ice Bucket Height. | The Hotel will ensure these items are located within 10" of the edge of the desk or shelf upon which they sit, and no higher than 48" H AFF. | 3 Months |
| 121. | 333, 358, 409, 455. | Accessible Guest Rooms. Closet Bar and Shelf Height. | The Hotel will ensure all accessible rooms have a lowered rod and shelf at 48" H max. AFF, in compliance with 1125B.3. | 6 Months |
| 122. | 334, 360, 411, 456. | Accessible Guest Rooms. Cabinet with Clothes Closet: Document pockets. | The Hotel will ensure the pockets are all mounted between 15" H AFF and 48" H AFF for forward reach, as shown in 24 CCR Fig. 11B-5C(a). | 6 Months |
| 123. | 335, 361, 412, 457. | Accessible Guest Rooms. Robe Hook Height. | The Hotel will lower or install an additional coat hook that is 48" (H) AFF max. | 3 Months |
| 124. | 336, 357, 359, 362, 406, 410, 413- | Accessible Guest Rooms. Cabinet Door Clear Space and Strike Edge Clearance. | The Hotel will ensure at least one of the two closets in the room meets clear space and strike side requirements for doors in compliance with Title 24 and the 2010 ADA Standards. | 6 Months |

10

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | 414, 451, 458. | | | |
| 125. | 337, 363, 415, 459. | Accessible Guest Rooms. Bed Height. | The Hotel will modify the beds in accessible guestrooms or purchase a thinner mattress to be available upon request for guests with disabilities who require a lower bed so that the bed height is between 17 and 19" H. | 18 Months |
| 126. | 338, 364, 416, 460. | Accessible Guest Rooms. Stipulated Typical Conditions Within Guest Rooms, Beds: Under Bed Space. | The Hotel will replace the bed bases in accessible rooms with bases that comply with 24 CCR 1111B.4.3. | 18 Months |
| 127. | 343, 390, 443. | Accessible Guest Rooms. 619, 808, Door: Peep Hole Height. | The Hotel will add a peephole that is no higher than 42" or replace the doors with new doors that have a peephole that is no higher than 42" AFF. | 36 Months |
| 128. | 344. | Accessible Guest Rooms. 619, Door: Safety Lock | The Hotel will lower the lock or install an additional safety lock at 30 – 44" AFF in compliance with CCR 1133B.2.5.2. | 12 Months |
| 129. | 349, 399. | Accessible Guest Rooms. 619, Accessible Route to Elements in Room: Vertical Drop. | The Hotel will modify the junction so the change in level does not exceed 1/2", in compliance with 24 CCR 1124B.2 and 2010 ADA Standard 303. | 36 Months |
| 130. | 350. | Accessible Guest Rooms. 619, Accessible Route to Elements in Room: Slope of the Floor. | The Hotel will extend the transition or refloat the carpet to level the slope as much as possible. | 36 Months |
| 131. | 366, 418. | Accessible Guest Rooms. 619, 1401, Restroom, Sink: Width of Opening. | The Hotel will move the trash can to provide 29" AFF knee space that is 30" (W) in compliance with 24 CCR 1115B.4.3.3 and Fig. 11B-1D. | 3 Months |
| 132. | 367, 419-420, 466. | Accessible Guest Rooms. 619, 1401, 808, Restroom, Sink: P-trap Extension. | The Hotel will ensure the p-trap complies with Title 24 and the ADA 2010 Standards. | 18 Months. |
| 133. | 369-370, 619, 1401, 421-422, 468-469. | Accessible Guest Rooms. 619, 1401, Restroom, Sink: Magnifying Mirror. | The Hotel will install a makeup mirror that is no higher than 40" H AFF to the bottom of the mirror and to the operable mechanism, in compliance with 24 CCR 1115B.8.1.1 and 1115B.8.3. | 12 Months |
| 134. | 371, 425. | Accessible Guest Rooms. 619, 1401, Restroom: Toilet on Center. | The Hotel will install an offset flange or otherwise reconfigure the space so it complies with 24 CCR 1115B.4.1.1 and Fig. 11B-1A. | 18 Months |
| 135. | 372, 423. | Accessible Guest Rooms. 619, 1401, Restroom, Toilet: Space Beside Toilet. | The Hotel will ensure the space complies with 24 CCR 1115B.4.1.1 and Fig. 11B-1A. | 36 Months |
| 136. | 373, 428. | Accessible Guest Rooms. 619, 1401, Restroom: Projection of Toilet Paper Dispenser. | The Hotel will ensure the toilet paper dispenser is 7-9" from the front edge of the toilet to the toilet paper centerline, in compliance with Title 24 and the 2010 ADA | 6 Months |

11

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | | Standards. | |
| 137. | 374, 426. | Accessible Guest Rooms. 619, 1401, Restroom, Toilet, Rear Grab Bar Mounting Height | The Hotel will lower the grab bar so it is as close to 33" H AFF on center while still allowing 1 1/2" knuckle space between the grab bar and toilet tank. | 36 Months |
| 138. | 375-376. | Accessible Guest Rooms. 619, Restroom, Toilet: Projection of Side Grab Bar. | The Hotel will relocate the grab bar so it complies with Title 24 and the 2010 ADA Standards. | 36 Months |
| 139. | 378, 430. | Accessible Guest Rooms. 619, 1401, Restroom, Shower Stall: Mounting Height. | The Hotel will relocate the seat so it meets the requirements of 24 CCR 1115B.4.4.8.1 and Fig. 11B-2A, B, C or D. | 18 Months |
| 140. | 379-380, 433-435. | Accessible Guest Rooms. 619, 1401 Restroom, Shower Stall: Wand Adjustment Bar. | The Hotel will replace the bar or its operating mechanism with one that does not require grasping, pinching or twisting , and no greater than 5 pounds of pressure to operate. | 18 Months |
| 141. | 382. | Accessible Guest Rooms. 619, Restroom, Shower Stall: Diverter and Mixing Valve Height. | The Hotel will lower the valves that operate the accessible shower head so they comply with 24 CCR 1115B.4.4.4 | 18 Months |
| 142. | 384. | Accessible Guest Rooms. 619, Restroom, Shower Stall: Slope of Drain. | The Hotel will modify the shower floor to ensure the slope does not exceed 2% in compliance with 24 CCR 1115B.4.4.7. | 18 Months |
| 143. | 403. | Accessible Guest Rooms. 1401, Cabinet at Window End of Room: Cabinet with Safe Height. | The Hotel will lower the safe so it is no higher than 34" AFF, in compliance with Title 24 and the 2010 ADA Standards. | 3 Months |
| 144. | 407. | Accessible Guest Rooms. 1401, Desk: Reach Across an Obstruction. | The Hotel will ensure water bottles are located within 10" of the edge of the desk. | 3 Months |
| 145. | 408. | Accessible Guest Rooms. 1401, Cabinet with Clothes Closet: Height of the Cabinet Base. | The Hotel will move the clothing rod so it is no deeper than 10" from the face of the closet, in compliance with Title 24 and the 2010 ADA Standards. | 6 Months |
| 146. | 427. | Accessible Guest Rooms. 1401, Restroom, Side Grab Bar: Mounting Height. | The hotel will relocate the grab bar to comply with 24 CCR Fig. 11B-1A. | 36 Months |
| 147. | 436. | Accessible Guest Rooms. 1401, Restroom, Shower Stall, Drain: Slope of Shower Floor. | The Hotel will install a 12" drain to provide a landing for a wheel where the current drain is. | 6 Months |
| 148. | 453-454 | Accessible Guest Rooms. 808, Bedroom, Entry Door: Interior and Exterior Door Landing. | The Hotel will remove the swinging door and may install a pocket door to ensure sufficient clear space in compliance with Title 24 and the 2010 ADA Standards. | 18 Months |
| 149. | 461. | Accessible Guest Rooms. 808, Window Shades: Grasping, Pinching, Twisting of Curtain Sheers | The Hotel will remove the sheers or automate them. | 3 Months |
| 150. | 463-465. | Accessible Guest Rooms. 808, Restroom: Door Landings. | The Hotel will install a pocket door. | 18 Months |
| 151. | 470. | Accessible Guest Rooms. | The Hotel will ensure the bathtub complies | 36 Months |

12

| | Original Report Number | Item | Action | Deadline |
|---|---|---|---|---|
| | | 808, Restroom, Bathtub: Bathtub Height. | with Title 24 and 2010 ADA Standards. | |
| 152. | 471. | Accessible Guest Rooms. 808, Restroom, Bathtub: Missing Grab Bar. | The Hotel will install a grab bar at the foot of the tub that complies with 24 CCR Fig. 11B-9. | 18 Months |
| 153. | 473. | Accessible Guest Rooms. 808, Restroom, Bathtub: Obstruction of Transfer Space at Front Edge. | The Hotel will relocate the controls as shown in 24 CCR Fig. 11B-9. | 18 Months |
| 154. | 474. | Accessible Guest Rooms. 808, Restroom, Toilet Compartment: Mounting Height of Rear Grab Bar. | The Hotel will lower the grab bar so it is as close to 33" H AFF on center while still allowing 1 1/2" knuckle space between the grab bar and toilet tank. | 18 Months |
| 155. | 475-476. | Accessible Guest Rooms. 808, Restroom, Toilet Compartment: Length of Wall Beside Toilet. | The Hotel will ensure the toilet room complies with 24 CCR 1115B.3.2 and 1115B.4 and Fig. 11B-1A. | 18 Months |
| 156. | 478. | Accessible Guest Rooms Bench Height. | The Hotel will relocate the seat so it meets the requirements of 24 CCR 1115B.4.4.8.1 and Fig. 11B-2A, B, C or D. | 18 Months |
| 157. | 479-482. | Accessible Guest Rooms. 808, Restroom, Shower Stall, Diverter and Mixing Valves: Location of Diverter and Mixing Valve. | The Hotel will reconfigure the shower so the controls that operate the accessible shower head are within reach ranges specified in 2 CCR 1115B.4.4.4. | 18 Months |
| 158. | 483. | Accessible Guest Rooms. 808, Restroom, Shower Stall, Shower Wand: Location of Shower Wand. | The Hotel will reconfigure the shower so the wand is within reach ranges specified in 24 CCR 1115B.4.4.5. | 18 Months |
| 159. | 484. | Accessible Guest Rooms. 808, Restroom, Shower Stall, Shower Wand: Wand Adjustment Bar. | The Hotel will replace the bar or its operating mechanism with one that does not require grasping, pinching or twisting , and no greater than 5 pounds of pressure to operate. | 18 Months |
| 160. | 485. | Accessible Guest Rooms. 808, Restroom, Shower Stall, Grab Bars: Length of Grab Bar on Short Wall | The Hotel will ensure that the grab bars in the shower are positioned in accordance with the requirements of Title 24 and the 2010 ADA Standards. | 12 Months |
| 161. | 487. | Accessible Guest Rooms. 808, Restroom, Shower Stall, Grab Bars: Obstruction of Grab Bar. | The Hotel will relocate, remove or recess the soap dish so it is within reach ranges of the seat and not above the grab bar. | 18 Months |
| 162. | 488. | Accessible Guest Rooms. 808, Restroom, Shower Stall, Drains: Slope of Drain. | The Hotel will modify the shower floor to ensure the slope does not exceed 2%. | 18 Months |

15213887v.6